J-S03034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDYN J. PALMER | : | |
| | : | |
| Appellant | : | No. 836 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 20, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002312-2023

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

CONCURRING MEMORANDUM BY DUBOW, J.:          **FILED: JULY 15, 2026**

I concur in the result, affirming the judgment of sentence.  I diverge from the Majority's reasoning, however, to the extent that it concludes that Appellant's claim challenging the grading of his conviction is a waivable challenge to the sufficiency of the evidence.  Rather, I conclude that Appellant raised a non-waivable challenge to the legality of his sentence.

To summarize the relevant procedural history, the Commonwealth charged Appellant with two counts of Simple Assault, both graded as second-degree misdemeanors ("M2s").  The trial court gave the jury the charge for Simple Assault as an M2 and the jury found Appellant guilty of one count of Simple Assault.  Accordingly, the court imposed a sentence of three to twelve months of imprisonment for Simple Assault graded as an M2.  Appellant then filed a post-sentence motion asserting, for the first time, that the trial court

should modify the grading of the offense to a third-degree misdemeanor ("M3") because he had presented evidence at trial that the offending conduct occurred during a mutual fight or scuffle. On appeal, Appellant claims that the trial court should have granted his post-sentence motion to amend the grading of the offense to an M3.

Unlike the Majority, I find, as a threshold matter, that Appellant has raised a claim implicating the legality of his sentence, rather than a challenge to the sufficiency of the evidence. *See Commonwealth v. Spruill*, 80 A.3d 453 (Pa. 2013) (distinguishing between a true sentencing claim, which implicates the legality of a sentence, and a claim challenging the underlying conviction at trial, which implicates the sufficiency of the evidence).

"Simple assault is a misdemeanor of the second degree unless committed[] in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree[.]" 18 Pa.C.S. § 2701(b)(1).

Once the Commonwealth proves that the defendant committed Simple Assault, "the trial court [has] the discretion to grade that offense as a second or third degree misdemeanor pursuant to the dictates of subsection 2701(b)(1) and sentence [the defendant] accordingly." *Commonwealth v. Norley*, 55 A.3d 526, 531 (Pa. Super. 2012). In *Commonwealth v. Hodges*, this Court opined that the Commonwealth does not have the burden, under Section 2701, "to disprove that the offending conduct occurred during a mutual fight or scuffle to establish [S]imple [A]ssault" and that this information "is relevant only with respect to the subsequent **grading** of the

- 2 -

offense." 193 A.3d 428, 434 (Pa. Super. 2018) (citation omitted; emphasis in original). "A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." ***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa. Super. 2013).

I come to the same conclusion as this Court did in ***Commonwealth v. Rogers***, 2022 WL 17258661 (Pa. Super. filed Nov. 29, 2022) (non-precedential decision).[1] In ***Rogers***, the appellant challenged the grading of his Simple Assault conviction, arguing on appeal that "he presented sufficient evidence to establish the fight was entered into by mutual consent and the **trial court** erred in grading the offense improperly." ***Rogers***, 2022 WL 17258661 at *5 (emphasis in original). The ***Rogers*** Court, analyzing ***Hodges***, ***supra***, held that the appellant's claim was a challenge to the legality of his sentence because it related to the trial court's weighing of the evidence at the sentencing stage, rather than to the sufficiency of the Commonwealth's evidence and the jury's factual findings at trial. ***Id.***

Here, as in ***Rogers***, Appellant argues that he presented evidence at trial that the offending conduct occurred during a mutual fight and the trial court, therefore, erred in grading the offense as an M2. This is not a challenge to the sufficiency of the evidence because the Commonwealth can establish Simple Assault without disproving that the conduct occurred during a mutual fight; rather, it is a challenge to the trial court's subsequent evaluation of that

_____

[1] ***See*** Pa.R.A.P. 126(b)(1)-(2) (providing that an unpublished memorandum decision filed after May 1, 2019, may be cited for its persuasive value).

evidence in grading the offense. **See Hodges**, 193 A.3d at 434; **see also Rogers**, 2022 WL 17258661 at *5. I, therefore, conclude that Appellant has raised a non-waivable challenge to the legality of his sentence.

Proceeding to consider the substance of Appellant's claim, I would decline to re-weigh the trial court's determination at sentencing that Appellant's conduct should be graded as an M2 because the trial court's grading determination is reasonably supported by the record. I, therefore, would conclude that no relief is due on Appellant's sentencing claim.

As I conclude that the trial court properly graded the offense as an M2, I concur in the Majority's affirmance of the judgment of sentence.

Judge Beck joins the concurring memorandum.